UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LENA GOODMAN, | ) |
|     Plaintiff, | ) CIVIL COMPLAINT |
| v. | ) Case No. 1:20-cv-3052 |
| ALPHA RECOVERY CORP., | ) |
|     Defendant. | ) **JURY DEMAND** |

## COMPLAINT

Now comes LENA GOODMAN ("Plaintiff"), complaining as to the conduct of ALPHA RECOVERY CORP. ("Defendant"), as follows:

### NATURE OF THE ACTION

*1.* Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. 1693 *et seq.*

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events giving rise to the claims occurred within this District and because Defendant's principal place of business is located in this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing in the State of Delaware.

5. Defendant is a Colorado corporation headquartered in Centennial, Colorado.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Years ago, Plaintiff incurred a credit card debt.

7. This debt was incurred by Plaintiff for personal purposes. Plaintiff is an ordinary consumer of limited means and used any credit obtained to pay everyday bills such as grocery bills, utility bills, medical bills, rent, and the like.

8. After Plaintiff defaulted on the credit card debt, Defendant received it and began to collect upon it.

9. In August 2019, Defendant called Plaintiff and threatened her with litigation if she did not pay.

10. Plaintiff, over the phone, agreed to pay $100 per month on the debt.

11. Defendant asked Plaintiff if, after six months, she would consent to an increased amount.

12. Plaintiff said that the parties could reassess her financial situation at that time, but that she would not commit to increasing the amount.

13. Each month, Defendant would print off a check in Plaintiff's name.

14. The check would be in the amount of $100.

15. Defendant would create the check as "NO SIGNATURE REQUIRED, by Alpha Recovery Corp. as authorized signatory for GOODMAN, LENA."

[ 2 ]

16. Defendant would then deposit the check into its own account, causing the money to leave Plaintiff's bank account.

17. On or about April 27, 2020, Defendant printed off a check from Plaintiff in the amount of $125.

18. Defendant signed as "authorized signatory for GOODMAN, LENA."

19. Defendant deposited this check into its own account, causing $125 to leave Plaintiff's bank account.

20. Defendant only had verbal authorization from Plaintiff to take $100 in this manner, not $125.

21. As a result, Plaintiff's account dropped below a minimum balance required by her bank, and Plaintiff had to spend time and effort working with her bankers to waive applicable fees and overdraft charges.

22. Plaintiff withdrew permission for Defendant to continue making withdrawals.

23. Defendant then began to call Plaintiff approximately four to five times per day in the weeks afterward.

24. Plaintiff explained why she canceled payment, and that she was upset that Defendant withdrew more than she had authorized.

25. Defendant continued to call Plaintiff anyway.

26. On information and belief, the purpose of Defendant's calls was to harass and abuse Plaintiff.

27. This action follows.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff realleges the paragraphs above as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

31. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

32. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes.

33. Defendant violated the FDCPA in the following ways:

   a. Violating § 1692d(5) by placing numerous calls to Plaintiff such that her phone rang continuously and repeatedly, with the purpose of harassing her.

   b. Violating § 1692e(10) by using false and deceptive means to collect a debt, to wit, claiming to be an "authorized signatory" for the consumer, yet signing a check for that consumer in an amount higher than what the consumer had authorized.

   c. Violating § 1692f(2), or in the alternative, § 1692f generally because Defendant created payment instruments dated more than five days in the

[ 4 ]

> future, yet provided Plaintiff no notification in writing of its intent to deposit those instruments three to ten days prior to that deposit. This conduct was unfair and unconscionable.
>
> **d.** Violating § 1692f generally by using unfair or unconscionable means to collect or attempt to collect a debt, to wit, making debits in an amount $25 per month higher than what the consumer authorized, yet claiming to be the "authorized signatory" for the consumer.

### COUNT II — VIOLATIONS OF THE ELECTRONIC FUND TRANSFERS ACT

34. Plaintiff realleges the paragraphs above as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(6) of the EFTA.

36. Defendant is a "person" as defined by 12 C.F.R. § 1005.2(j).

37. The fund transfers from Plaintiff's account initiated pursuant to the verbal payment plan constituted a "preauthorized electronic fund transfer" under 15 U.S.C. § 1693a(10) because the payments under this plan were authorized in advance to occur at regular intervals.

38. The EFTA, pursuant to 15 U.S.C. § 1693e(a), provides that "[a] preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

39. Defendant violated 15 U.S.C. § 1693e(a) when it initiated preauthorized electronic fund transfers from Plaintiff's account without having first obtained written authorization for such transfer from Plaintiff.

40. Defendant further violated 15 U.S.C. § 1693e(a) when it initiated a preauthorized electronic fund transfer from Plaintiff's account without having first provided Plaintiff with a copy of a written authorization for such transfer provided to Defendant by Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages as provided under 15 U.S.C. § 1692k(a)(2)(A) and § 1693m(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages as provided under 15 U.S.C. § 1692k(a)(1) and § 1693m(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1692m(a)(3);

    **d.**    Awarding any other relief as this Honorable Court deems just.

**A TRIAL BY JURY IS DEMANDED.**

Dated: October 11, 2020

                  By: <u>s/ Jonathan Hilton</u>

                  Jonathan Hilton (0095742)
                  HILTON PARKER LLC
                  10400 Blacklick-Eastern Rd NW, Suite 110
                  Pickerington, OH 43147
                  Tel: (614) 992-2277
                  Fax: (614) 427-5557
                  jhilton@hiltonparker.com
                  *Trial Attorney for Plaintiff*